# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS AARON GAYTAN,  )<br>                          )<br>          Petitioner,  )<br>                          )<br>     v.                   )<br>                          )<br>K. HARRINGTON, Warden,    )<br>                          )<br>          Respondent.     )<br>_____) | 1:09-cv-00752 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 18] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Leslie W. Westmoreland, Esq., of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Tulare, after being convicted of murder by a jury on April 20, 2005. (See LD No. 1.[1]) Petitioner was sentenced to life without the possibility of parole on May 18, 2005. (Id.) Petitioner appealed the conviction,

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  but the California Court of Appeal, Fifth Appellate District, affirmed the judgment on May 3,
2  2007. (LD No. 2.) Petitioner did not seek further review.

3        On June 17, 2008, after the judgement, Petitioner filed a petition for writ of habeas
4  corpus with the California Supreme Court.[2] (LD No. 3.) The California Supreme Court denied
5  the petition on December 17, 2008. (LD No. 4.)

6        On March 15, 2009[3], Petitioner filed the instant federal petition for writ of habeas corpus
7  in this Court. On June 11, 2010, Respondent filed a motion to dismiss the petition as being
8  filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner filed
9  an opposition to Respondent's motion to dismiss on September 15, 2010.

10 **II.   DISCUSSION**

11     **A.   Procedural Grounds for Motion to Dismiss**

12       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
13 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
14 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
15 Cases.

16       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
17 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
18 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
19 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
20 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

---

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on June 25, 2008, pursuant to the mailbox rule the Court considers the petition filed on June 17, 2008, the date Petitioner signed the proof of service on the petition.

[3] Although the petition was filed on April 22, 2008, under the mailbox rule the Court will consider the petition filed on March 15, 2009, the date Petitioner signed the petition.

grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on alleged failure to meet the one-year limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 15, 2009, and thereforeit is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or on the date of the expiration of the time for seeking such review. In this case, Petitioner filed an appeal with the California Court of Appeal, Fifth Appellate District. The Court of Appeal affirmed the conviction on May 3, 2007. (LD No. 2.) The Court of Appeal's decision became final on June 2, 2007, thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review in the California Supreme Court. Accordingly, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on June 12, 2007, upon expiration of the ten-day period within which to file and serve a petition for review with the California Supreme Court. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations began to run the following day, on June 13, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from June 13, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until March 15, 2009, nine months after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that is petition is not barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2).

1  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on June 13, 2007. Petitioner filed his first state habeas petition on June 17, 2008, in the California Supreme Court. At that point, the statute of limitations period had elapsed five days earlier. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The limitations period began on June 13, 2007 and expired one year later on June 12, 2008. The present petition was filed on March 15, 2009, nine months after the expiration of the year statute of limitations period.  Accordingly, the instant federal petition is untimely.

In his opposition, Petitioner argues the state petition was timely filed on the last day of the limitation period, June 12, 2008.  Under Rule 3(d) of the Rules Governing Section 2254 Cases, filings by prisoners placed in a correctional institution's mailing system shall be considered timely if placed in the mailing system on or before last day for filing. Here, Petitioner states that the petition was placed in the institution's mailing system on June 12, 2008, rather than June 17, 2008.  The proof of service attached to Petitioner's petition for writ of habeas corpus filed with the California Supreme Court was originally dated June12, 2008, but that date was crossed out and replaced with a June 17, 2008.

Even if the evidence were construed in the light most favorable to the Petitioner and the

petition considered filed on June 12, 2008, with the result that the time from June 12, 2008 to the time of denial of the petition on December 17, 2008 were excluded, the federal petition would remain untimely. Petitioner filed the state petition on the last day of the limitation period with no further days of the limitation period remaining. Accordingly, the limitations period expired the day after the state petition was denied on December 18, 2008. The federal petition filed on March 15, 2009, nearly three months after the limitations period expired, was untimely even under this more favorable scenario.

### D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### III.    CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). While Petitioner is entitled to the benefit of statutory tolling, the Petition was still not timely filed. Finally, Petitioner is not excused from timely filing due to equitable tolling. Based on the foregoing, the petition was not timely filed and must be dismissed.

### IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
2  Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after the date of service of this Findings and Recommendation, any
4  party may file written objections with the Court and serve a copy on all parties.  Such a
5  document should be captioned "Objections to Magistrate Judge's Findings and
6  Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)
7  days after service of the Objections.  The Finding and Recommendation will then be submitted
8  to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
9  (b)(1)(c).  The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th
11 Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   November 3, 2010            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE